UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN DESMOND<br><br>         Plaintiff,<br><br>     v.<br><br>ALBERTO R. GONZALES,<br>     U.S. ATTORNEY GENERAL,<br>     U.S. DEPARTMENT OF JUSTICE<br><br>         Defendant. | Civil Action No. 03–1729 (CKK) |

**MEMORANDUM OPINION**
(February 20, 2007)

On February 19, 2007, at 6:25 p.m. on the eve of trial, Defendant filed [118] Defendant's Notice of Filing Regarding Scope of Testimony from Special Agent George DeShazor. Defendant seeks to limit the scope of the testimony to be provided at trial by Mr. DeShazor, who was the EEO Counselor at the FBI Academy whom Plaintiff contacted concerning his complaint of discrimination. Def.'s Notice at 1. As the Court understands it, Defendant seeks to disallow testimony by Mr. DeShazor "concerning conversations he had with various FBI employees Mr. DeShazor contacted in connection with the EEO process." Def.'s Notice at 2. Defendant argues that such testimony should be excluded pursuant to Federal Rules of Evidence 408 and 701. According to Defendant, "while Mr. DeShazor may testify as to the reactions he observed when he informed certain individuals about plaintiff's EEO complaint, he should not testify as to conversations he had with individuals during the EEO counseling process." Def.'s Notice at 3.

Also on February 19, 2007, Plaintiff filed an Opposition to said filing. From Plaintiff's filing, the Court understands Plaintiff to intend to elicit testimony from Mr. DeShazor regarding

statements made during the counseling process by FBI officials (specifically, Mr. Higginbotham) to Mr. DeShazor "which evidence a retaliatory motive." Pl.'s Opp'n at 3. In Plaintiff's Opposition, Plaintiff argues that "Rule 408 does not prohibit the introduction of statements made during a compromise process where the statements are being introduced for another purpose, such as evidence of retaliatory motive." Pl.'s Opp'n at 1. The Court also takes note of Plaintiff's observation, which is not refuted by Defendant, that Defendant's Notice of Filing does not limit the introduction of testimony "to establish that Mr. Higginbotham, Mr. Trott, and Mr. Cochran were informed by [Mr. DeShazor] that Mr. Desmond had filed a charge of discrimination, that they were informed when the charge had been filed, that they were informed about the basic allegations of the charge, and that they were informed that they had been named as discriminating officials by Mr. Desmond." Pl.'s Opp'n at 6 n.3.

Based on the present record, the Court holds that Plaintiff may only elicit testimony from Mr. DeShazor regarding statements made by various employees to Mr. DeShazor that represent evidence of retaliatory animus. Pursuant to Federal Rule of Evidence 801(d)(2), "A statement is not hearsay if--The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ." Fed. R. Evid. 801(d)(2). The Court concludes that statements made by Mr. Higginbotham or other FBI officials during their discussions with Mr. DeShazor that reveal retaliatory motive constitute party admissions and may be elicited from Mr. DeShazor as such. As the Court shall explain below, no other Rule of Evidence (in particular, neither Rule 408 nor Rule 701) precludes such testimony by Mr. DeShazor. The Court clarifies, however, that

the content of such conversations in full is not to be elicited (as such conversations in full are relevant only to Plaintiff's already-dismissed discrimination claims)–rather, Plaintiff is limited to eliciting only those portions of said conversations which lay the foundation for or explicitly reveal any statements made by FBI officials demonstrative of retaliatory animus.

Furthermore, pursuant to Federal Rule of Evidence 701, "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Accordingly, while Plaintiff may not inquire as to Mr. DeShazor's opinion as to how he would characterize such statements (for example, if he considers them to demonstrate retaliatory animus or be offensive in some way), see *Coles v. Perry*, 217 F.R.D. 1, 8 (D.D.C. 2003), Plaintiff may appropriately elicit objective testimony from Mr. DeShazor regarding the body language and/or tone of any individuals that made such statements to Mr. DeShazor in addition to the actual statements themselves, as such assessments are "rationally based on the perception of the witness." Fed. R. Evid. 701.

The Court does not find that Federal Rule of Evidence 408 applies to the testimony it understands Plaintiff to intend to elicit from Mr. DeShazor.  Pursuant to Rule 408, "Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: . . . conduct or statements made in compromise negotiations regarding the claim . . . ." Fed. R. Evid. 408(a)(2).  The Court does not

consider statements made by the FBI to an EEO counselor during the investigation of an EEO claim to be "compromise negotiations" as understood pursuant to Rule 408. *See, e.g., Moore v. Principi*, 2002 WL 31767802 at *5 (N.D. Ill. Dec. 10, 2002) ("Rule 408 only limits the admissibility of statements made in the course of 'compromise negotiations.' The statements and impressions recorded in the EEO counseling report that [Plaintiff] seeks to introduce were not made in the course of negotiations. Rather, the report captures [Plaintiff's manager's] initial discussion with an EEO counselor regarding [Plaintiff's] complaint."). While Defendant relies heavily on *Coles v. Perry*, the Court notes that Magistrate Judge John M. Facciola clarified therein that while "there is a vital societal interest in the conciliation and mediation of EEO claims that is advanced by the confidentiality of all discussions with an EEO counselor . . . this case hardly justified creating a privilege." *Id*. at * 8-9.

However, even assuming *arguendo* that conversations between Mr. DeShazor and various FBI officials could be construed as "compromise negotiations," the Court adopts the approach espoused by the United States Court of Appeals for the District of Columbia in concluding that such discussions with respect to Plaintiff's claim of discrimination can be admitted not to prove liability for *discrimination* (which of course is no longer at issue in this case), but can be elicited for the separate purpose of demonstrating retaliatory motive:

> [A]lthough settlement letters are inadmissible to prove liability or amount, they are admissible "when the evidence is offered for another purpose." Fed. R. Evid. 408. In particular, such correspondence can be used to establish an independent violation (here, retaliation) unrelated to the underlying claim which was the subject of the correspondence (race discrimination). . . . Carney offered the settlement correspondence not to prove that the University discriminated against her, but to show that the University committed an entirely separate wrong by conditioning her benefits on a waiver of her rights. The letters were therefore admissible.

*Carney v. American University*, 151 F.3d 1090, 1095-1096 (D.C. Cir. 1998). *See also Unforma/Shelby Business Forms, Inc. v. NLRB*, 111 F.3d 1284, 1294 (6th Cir. 1997) ("[W]e hold that Rule 408 does not exclude evidence of alleged threats to retaliate for protected activity when the statements occurred during negotiations focused on the protected activity and the evidence serves to prove liability either for making, or later acting upon, the threats.").

Accordingly, Plaintiff may only elicit testimony from Mr. DeShazor regarding statements made by various FBI employees to Mr. DeShazor that represent evidence of retaliatory animus. Plaintiff may also appropriately elicit testimony from Mr. DeShazor regarding the body language and tone of any individuals that made such statements to Mr. DeShazor in addition to the actual statements themselves. However, Plaintiff may not inquire as to Mr. DeShazor's opinion as to how he would characterize such statements. The Parties should have a discussion with respect to the precise testimony that will be elicited from Mr. DeShazor. If it appears that there is a dispute as to whether such statements are encompassed in this Memorandum Opinion, this should be brought to the Court's attention by this evening via the Court's fax procedure (with a response to be filed tomorrow morning per the same) such that the Court can make a specific ruling. The Parties are instructed to attach any relevant deposition transcripts. An Order accompanies this Memorandum Opinion.

Date:   February 20, 2007

                                                       /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge